NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JILL O., | ) | |
| | ) | Supreme Court Nos. S-16766/16895 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-14-04277 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| GARY D., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | Nos. 1721 – May 22, 2019 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: Guy M. Kerner, Law Office of Guy M. Kerner, Anchorage, for Appellant. No appearance by Appellee Gary D.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

1.      Jill O. and Gary D. married in 2008 and divorced in October 2014.[1] Their son Sam was born in January 2009. In its Divorce Decree, the superior court ordered joint legal and shared physical custody of Sam.

2.      In April 2016 Jill moved to modify the custody order and requested sole legal and primary physical custody. The superior court denied Jill's motion in July and

---

\*      Entered under Alaska Appellate Rule 214.

[1]      Pseudonyms are used to protect the family's privacy.

warned her that if she persisted in conduct that the court considered detrimental and dangerous to Sam, she would lose legal custody.

3.      In October Gary moved to modify the custody order and requested sole legal and primary physical custody. Jill appeared without an attorney at the hearing on Gary's motion, and orally moved to modify the order, requesting tie-breaking authority for decisions involving Sam's education. In July 2017 the superior court issued a final order denying Jill's oral motion, granting Gary's motion for sole legal and primary physical custody, and granting visitation rights to Jill.

4.      Jill now appeals the superior court's final custody order, seeks review of its earlier July 2016 oral order, and asks for evidentiary hearings on several additional motions.[2] Because the superior court neither abused its discretion nor clearly erred, we affirm.[3]

5.      There is no clear error in the superior court's factual findings. Jill appeals 17 factual findings, claiming that they "were clearly not supported by what was actually said." However, each challenged finding of fact is supported by the evidence, including witness testimony. "We give 'particular deference' to the trial court's factual findings when they are based primarily on oral testimony, because the trial court, not this court,

---

[2]      After the court issued its July 2017 order, Jill filed a motion to return Sam to his previous school after Gary moved him to a different one, a cross-motion contesting Gary's motion for attorney's fees, and an opposition to Gary's motion to release a confidential order.

[3]      *Lewis G. v. Cassie Y.*, 426 P.3d 1136, 1142 (Alaska 2018) ("We will reverse a trial court's resolution of child custody issues only if the 'court has abused its discretion or the controlling factual findings are clearly erroneous.' " (quoting *Harris v. Governale*, 311 P.3d 1052, 1055 (Alaska 2013))).

performs the function of judging the credibility of witnesses and weighing conflicting evidence."[4]

6.     There was no abuse of discretion in ruling on Jill's objections. Jill lists four objections to hearsay on which she believes the superior court erroneously ruled. But even if the evidence was erroneously admitted, it was given only cursory attention or it supported other evidence that was already admitted, and Jill points to nothing showing that it influenced the superior court's final conclusions of law.

7.     Nor was there an abuse of discretion in allowing Gary's attorney to ask leading or argumentative questions. Jill argues that, even though she did not object to the questions, the superior court should have sua sponte prevented the attorney from asking the questions. But in the absence of an objection or "an obvious attempt to prevent" leading or argumentative questions, the superior court had no "obligation to instruct [her] in the proper procedure for raising objections."[5]

8.     Jill urges us to review the superior court's July 2016 ruling, even though she did not file a timely appeal, arguing that the court committed fundamental or plain error. But even if the court had committed fundamental or plain error in its July 2016 ruling, Jill was required to appeal that ruling within 15 days, which she failed to do.[6] Accordingly, we reject this argument.[7]

---

[4]     *Id.* (quoting *Millette v. Millette*, 117 P.3d 258, 261 (Alaska 2008)).

[5]     *Shooshanian v. Dire*, 237 P.3d 618, 624-25 (Alaska 2010).

[6]     Alaska R. App. 218(d) ("The notice of appeal in an appeal [from a final judgment for custody of children] shall be filed with the clerk of the appellate courts within 15 days after the date shown . . . on the order or judgment."); *see also Kelly D. v. Anthony K.*, No. S-16576, 2018 WL 4145067, at *2-3 (Alaska Aug. 29, 2018).

[7]     Even if Jill had timely appealed this issue, there is no evidence in the record
(continued...)

9.    We therefore AFFIRM the superior court's final custody order.

---

[7]    (...continued)
that the superior court relied on evidence of Jill's mental health when making its July 2016 ruling — the point on which she claims the court clearly erred. We decline to address Jill's other claims. She failed to show that changing Sam's school was a substantial change in circumstances entitling her to a custody modification hearing, and failed to brief any argument with regard to other motions on which she alleges the superior court erred aside from attempting to incorporate by reference the arguments from her prior motions. *See Abby D. v. Sue Y.*, 378 P.3d 388, 394 (Alaska 2016) ("A motion to modify custody triggers a right to an evidentiary hearing only if the moving party 'make[s] a prima facie showing of a substantial change in circumstances affecting the child[]'s welfare.'" (alterations in original) (quoting *Hope P. v. Flynn G.*, 355 P.3d 559, 565 (Alaska 2015))).